RECEIVED
IN LAKE CHARLES, LA.
APR - 6 2010
TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:09 CR 00287-002 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| FRANK HENRY LINDEMAN, III | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

After a hearing and consideration of the evidence and testimony submitted therein, IT IS ORDERED that magistrate judge's Order of Detention [doc. 23] IS AFFIRMED.[1]

Procedural History

The defendant, FRANK HENRY LINDEMAN was charged in a seven (7) count indictment charging him with Conspiracy to Cultivate and Possess with Intent to Distribute Marijuana (21 U.S.C. § 846), Possession with Intent to Distribute 100 or more Marijuana Plants [21 U.S.C. § 841(a)(1)], and Possession of a Firearm in Furtherance of a Drug Trafficking Crime [18 U.S.C. § 924(c)(1)]].

On November 19, 2009, the defendant's initial appearance and arraignment was conducted in Lake Charles before Magistrate Judge Kathleen Kay. The government moved for detention pursuant to Title 18, United States Code, Section 3142(f), relying on the two rebuttable presumptions that no conditions could be set to assure the safety of the community and the defendant's appearance when charged with (1) a violation of Title 21 carrying a penalty of ten (10) years or more [18 U.S.C.

---

[1] The defendant appealed [doc. 52] the Magistrate Judge's determination to this court.

§ 3142(e)((3)(A)] and (2) a offense under 924(c) [18 U.S.C. § 3142(e)((3)(B)] .

After a detention hearing on November 19, 2009, Magistrate Judge Kay ordered the defendant detained. In providing reasons for her ruling, Magistrate Judge Kay noted that Lindeman was arrested in Allen Parish on June 30, 2007. Pursuant to that arrest, he was found to be in the company of a juvenile female in his SUV while possessing cocaine, marijuana residue, and a firearm. He was placed on pretrial diversion by the District Attorney's office, which he completed. However, he allegedly resumed drug trafficking after participating in this program.

The defendant appealed the magistrate judge's detention order [doc. 52].

Law

Title 18, United States Code, Section 3145(b), states that "if a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation of he order or amendment of the conditions of release."

A judicial officer may order a defendant detained pending trial if the officer finds, by a preponderance of the evidence, that "no condition or combination of conditions will reasonably assure the appearance of the person," or, by clear and convincing evidence, that "no condition of combination of conditions will reasonably assure ... the safety of any other person and the community." § 3142(e), (f); *see United States v. Fortna*, 769 F.2d 243, 250 (5th Cir.1985).

A district court conducting a review of decisions of a magistrate judge under the Bail Reform Act of 1984 may make an independent *de novo* review of the entire record to determine if the detention hearing decision was correct. *United States v. Fortna*, 769 F.2d 243, 249-250 (5th Cir. 1985). When a district court makes such an independent determination of the pretrial detention issue

it may make additional findings based on its independent consideration of the record before the magistrate and its discretion to consider additional evidence introduced before it is "as unfettered as it would be if the district court were considering whether to amend its own action." *Fortna*, 769 F.2d at 250, citing *United States v. Thibodeaux*, 663 F.2d 520, 527 (5th Cir. 1981).

18 U.S.C. § 3142(e) provides that the defendant shall be detained before trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of any person and the community. There is also a rebuttable presumption in Section 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community if the judge finds there is probable cause to believe the defendant committed a drug felony carrying a maximum term of imprisonment of ten (10) years or more, or if the defendant possessed a firearm in furtherance of a federal drug trafficking offense. 18 U.S.C. § 3142(e). When drug crimes or violations of Section 924(c)(1) are charged in the indictment, the indictment itself is sufficient to create the probable cause requisite to applicability of the presumptions. *United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987), *United States v. Volksen*, 766 F.2d 190, 192 (5th Cir. 1985). A determination that a defendant is a risk of flight need only be supported by a preponderance of evidence. *Fortna*, 769 F.2d at 249-50.

A determination that a defendant poses a danger of community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). The enhanced drug offense penalties and mandatory consecutive 924(c)(1) penalties create a greater temptation for a defendant's flight and express a clear congressional recognition of the societal danger imposed by those trafficking controlled substances and having firearms relating to those offenses. The implicit risk of continued narcotics trafficking by a defendant on bail has also been judicially recognized as a potential danger to the community

justifying the denial of bail pending appeal. See *United States v. Hawkins*, 617 F.2d 59, 61 (5th Cir. 1980).

In the case at bar, the rebuttable presumption of detention set forth in 18 U.S.C. § 3142(e) is applicable. There was nothing in the testimony by the defendant's mother, or in the letters from the defendant's father, that is sufficient to rebut this presumption. At best, the evidence established that the defendant's father was inappropriately manipulative. This does not rise to the level of rebutting the presumption. The determination of the magistrate judge that the government had shown by a preponderance of the evidence that no condition or combination of conditions could reasonably assure Lindeman's presence at judicial proceedings is supported by the record. *See United States v. Westbrook*, 780 F.2d 1185, 1189-90 (5th Cir.1986); *Fortna*, 769 F.2d at 250.

The rebuttable presumption of detention set forth in 18 U.S.C. § 3142(e) has not been rebutted. Lindeman will be a danger to the community if he were released pending trial, and no condition or combination of conditions can reasonably assure his presence at judicial proceedings.

Lake Charles, Louisiana, this 31 day of March, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4